# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION 10-073-KD |
| ) | |
| KENEL YATES, ) | |
|     Defendant. ) | |

## ORDER

On July 11, 2012, this Court held that the Supreme Court's recent decision in <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), allows Defendant to enjoy the benefit of Congress' decision, manifested in the Fair Sentencing Act of 2010 ("FSA"), to increase the thresholds necessary to trigger the statutory mandatory minimums that apply to crack cocaine offenses. (Doc. 32). Accordingly, the Court set forth in an order its determination that Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 30)[1] was due to be granted and that Defendant's term of imprisonment as to Count 1 should be reduced from 60 months to 18 months. (Doc. 32 at 3). The Government now moves for reconsideration of that order. (Doc. 33).

The Government does not dispute that, in light of <u>Dorsey</u>, Defendant is entitled to relief from his 60-month sentence on Count 1. Rather, the Government expresses "concern . . . about

---

[1] Defendant's motion was captioned as a "Motion for Reconsideration of Sentence Based Upon a Change in the Sentencing Guidelines." (Doc. 30). In accordance with the protocol developed by the Judges of this Court in consultation with the Clerk of Court and the Probation Office, Defendant's motion was construed as a § 3582(c)(2) motion, and it is referred to as such herein. <u>See</u> Crack Amendment Memo, U.S. Dist. Court for the S. Dist. of Ala., http://www.als.uscourts.gov/documents/forms/Crack-Amendment-memo.pdf ("The court will construe pro se filings liberally, and will not require any particular form of pleading to trigger the review process. Any filing that reasonably appears to be a § 3582(c)(2) motion requesting the benefit of retroactive application of Amendment 750 will be treated as such. No specific form or 'magic words' are required.").

this Court's proposed exercise of jurisdiction in a § 3582(c)(2) proceeding to accomplish that end."  (Id. at 1).  Because the Government's concern is well-taken, the motion for reconsideration is **GRANTED**.

The Government contends that, in determining whether Defendant's guideline range was lowered by application of Amendment 750 to the Sentencing Guidelines such that the Court could reduce Defendant's term of imprisonment pursuant to § 3582(c)(2), the Court should not have considered the effect of the Supreme Court's decision in Dorsey.  As stated by the Government:

> Were it not for the fact that Yates was sentenced originally to a statutory minimum sentence that trumped his calculated range, this Court would have jurisdiction to reduce his sentence through § 3582(c)(2), as proposed, to 18 months. . . . But correction of an illegal sentence is not cognizable in a § 3582(c)(2) proceeding. A sentence originally based on a statutory minimum, albeit an incorrect one, cannot be ignored in a § 3582(c)(2) proceeding.

(Id. at 3).  The Government's argument relies principally on Dillon v. United States, 130 S. Ct. 2683 (2010), in which the Supreme Court observed that Section 1B1.10 of the Sentencing Guidelines "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Id. at 2687 (quoting U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2009)).  The Government reasons that the effect of an applicable statutory minimum on a sentencing guideline range is a "guideline application decision" that cannot be revisited in a § 3582(c)(2) proceeding.  (Doc. 33 at 4 (citing U.S. Sentencing Guidelines Manual § 5G1.1(b), (c))).  The Government also notes that, a decade prior to Dillon, the Eleventh Circuit held that, in recalculating a guideline range pursuant to § 3582(c)(2) and § 1B1.10, "only the amended guideline is changed," and "[a]ll other guideline application decisions made during the original sentencing remain intact."  (Id. at 5 (quoting United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000)).

2

Though the Eleventh Circuit has not yet addressed whether a district court may correct Dorsey error in a § 3582(c)(2) proceeding, its recent post-Dorsey opinions hold firm to the proposition that § 3582(c)(2) are significantly limited in scope and cannot affect an imposed mandatory minimum sentence. See, e.g., United States v. Glover, ___ F.3d ___, 2012 WL 2814303, at *3 (11th Cir. July 11, 2012) ("[A]n amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway."). It matters not that, but for the pre-FSA mandatory minimum, Defendant's otherwise applicable guideline range would have been 37 to 46 months imprisonment and that retroactive application of Amendment 750 lowers that range to 18 to 24 months. See United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." (citing United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008))). Accordingly, this Court cannot reduce Defendant's term of imprisonment without first vacating the previously imposed mandatory minimum sentence — an undertaking beyond the scope of a § 3582(c)(2) proceeding.

Acknowledging that Dorsey does entitle Defendant to relief — albeit not by way of § 3582(c)(2) — the Government has suggested that the Court re-characterize Defendant's § 3582(c)(2) motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 33 at 7). The Court would be inclined to grant such a motion, vacate Defendant's sentence as to Count 1, and re-sentence Defendant to an 18-month term of

imprisonment to be served consecutively to his unaffected 60-month sentence on Count 2.[2] However, before proceeding along those lines, this Court must first comply with the "prophylactic notice and warning requirement" that the Supreme Court instituted in Castro v. United States, 540 U.S. 375 (2003). Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010).

In light of the foregoing, and in compliance with the requirements of Castro, the Court hereby advises Defendant of its intention to re-characterize his § 3582(c)(2) motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant is **CAUTIONED** that such re-characterization renders the instant motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is **CAUTIONED** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions. In further compliance with the requirements of Castro, it is **ORDERED** that on or before **Tuesday, September 4, 2012**, Defendant shall advise this court whether he seeks to do one of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claim presented in his motion (Doc. 30) and waive his right to be present at resentencing;

2. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claim presented in his motion (Doc. 30) without waiving his right to be present at resentencing;

3. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentences imposed upon him by this Court; or

---

[2] Though Defendant could insist upon his right to be present and to allocute at resentencing, see United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994), the Government has indicated that, in most cases involving a defendant entitled to a Dorsey resentencing, it "would typically agree to the defendant waiving his presence at such a hearing." (Doc. 33 at 8 n.4). Such a waiver by Defendant and agreement by the Government would expedite the entry of amended judgment, insofar as Defendant need not be transported from his place of incarceration and appear at a hearing in open court.

4. Withdraw his motion.

Defendant is **FURTHER CAUTIONED** that if he fails to advise the Court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only the claim presented in the original motion (Doc. 30).

**DONE** and **ORDERED** this the **7th** day of **August 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**